# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOYCE ALDERMAN, individually and as
personal representative of the Estate of
Roger Alderman,

                Plaintiff,

-vs-                                       Case No.  6:06-cv-1913-Orl-31JGG

SMARTCITY TELECOMMUNICATIONS,
LLC.,

                Defendant.

_____

# ORDER

      This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 8) and

Plaintiff's Response thereto (Doc. 13).

## I. Background

      Plaintiff's late husband, Roger Alderman ("Alderman"), was employed by Vista United,

which was purchased by Defendant SmartCity Telecommunications, LLC ("SmartCity"). (Doc. 1

at 2).  SmartCity allowed Alderman to roll over his employment benefits, including a voluntary

life insurance policy. (Doc. 1 at 2).  Alderman submitted an application for life insurance to

SmartCity's Director of Human Resources, Tamela Vercamen ("Vercamen"), on February 8, 2001.

(Doc. 1 at 3).  The application named Plaintiff as the beneficiary of a $100,000 life insurance

policy. (Doc. 1 at 3).

      Plaintiff and her husband maintained contact with Vercamen over the next three years

regarding the status of the life insurance policy. (Doc. 1 at 3).  Alderman completed additional

paperwork sent to him by Vercamen, and Vercamen assured Plaintiff that the policy was still in effect. (Doc. 1 at 3).  Vercamen told Plaintiff that she would contact the insurer, Reliance Insurance, to be sure that no additional paperwork was needed. (Doc. 1 at 3).  Vercamen also assured Plaintiff that they would be notified when payment was due. (Doc. 1 at 3).

In May 2004, Alderman was terminated because he was unable to work due to a back injury. (Doc. 1 at 3).  In March 2005, Vercamen informed Alderman's family that his life insurance policy was through Cigna, not Reliance Insurance, and that she would contact Cigna to find out how to proceed. (Doc. 1 at 4).  In May 2005, Vercamen told Alderman that Cigna had no record of his insurance policy and she sent Alderman a waiver of premium form to send to Cigna. (Doc. 1 at 4).  Alderman's premium waiver was denied and Alderman learned he had no life insurance policy because premiums had not been paid since May 2004. (Doc. 1 at 4).

Alderman died of cancer on June 5, 2005, and his family appealed to the Florida Department of Financial Services, which confirmed that premiums were not paid and no coverage existed. (Doc. 1 at 4).  Plaintiff now brings this action alleging five counts[1] against Defendant and seeking " an order declaring Plaintiff's rights under the plan" and "an award of life insurance benefits in the amount required by the plan." (Doc. 1 at 5, 6, 7, and 8).  Counts I and II are brought under the Employee Retirement Security Act ("ERISA"), 29 U.S.C, § 1001, *et seq.,* and Counts III, IV and V are state law claims.

---

[1]Plaintiff's fourth count is incorrectly labeled "Count VI."  However, as this appears to be a typographical error, the Court will refer to the fourth count as "Count IV" in this Order.

**II. Standard of Review**

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted). "A complaint need not specify in detail the precise theory giving rise to the recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

*A) Shotgun Pleading*

Defendant first argues that Plaintiff's complaint should be dismissed because it constitutes "shotgun pleading." This argument has no merit here. Plaintiff's complaint is clear and concise, and while it may offer several theories of recovery, it surely does not rise to the level of shotgun pleading prohibited by the Eleventh Circuit. *See Cesnik v. Edgewood Baptist Church,* 88 F. 3d 902, 905 (11th Cir. 1996).

*B) ERISA Preemption: Counts III, IV and V*

Defendant argues that Plaintiff's state law claims must be dismissed because they are completely preempted by ERISA.

Complete preemption occurs when "'the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The Eleventh Circuit Court of Appeals has recognized that "use of the term 'preemption' in this context has caused 'a substantial amount of confusion between the complete preemption doctrine and the broader and more familiar doctrine of ordinary preemption.'" *Smith v. GTE Corp*., 236 F.3d 1292, 1313 (11th Cir. 2001).[2] Although they share similar titles, the doctrine of complete

_____

[2]Resolution of this confusion is not aided by the fact that different courts refer to these doctrines by different names. *See, e.g., Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207 (11th Cir. 1999) (using terms "superpreemption" and "defensive preemption"), and *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (discussing distinctions between complete preemption and "the federal defense of preemption, known as 'conflict preemption'"), and *Lazorko v. Pennsylvania Hospital*, 237 F.3d 242 (3d Cir. 2000) (contrasting complete preemption and "substantive" preemption). To minimize confusion, this Court will use the term "complete preemption" for the jurisdictional doctrine, and the term "ordinary preemption" for the defensive

preemption and the doctrine of ordinary preemption present distinctly different issues -- a difference not merely of scope but of quality. The former is used to establish a federal court's subject matter jurisdiction over a case, while the latter merely provides a party with an affirmative defense to a state law claim in either state or federal court. *BLAB-T.V. of Mobile*, 182 F.3d at 854-55.

In the context of ERISA, complete preemption results from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999).  ERISA also gives rise to ordinary preemption because of its express preemption provision, 29 U.S.C. § 1144(a), which provides that ERISA provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

How, then, does one determine whether the claims asserted in the instant case are subject to preemption?  "Here's the rule: ERISA [complete preemption] exists only when the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a)." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (internal quotation omitted). "Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA

doctrine. *See Smith v. GTE Corp.*, 236 F.3d 1292 (11th Cir. 2001).

entity. Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan." *Id*. (internal citations omitted).

The Eleventh Circuit has not laid down a rule for determining whether the relief sought in a complaint is "akin to that available under § 1132(a)." However, in this case, complete preemption applies because Plaintiff seeks the exact same relief under the state-law claims as under the ERISA claims. Furthermore, ordinary preemption applies because the claims clearly "relate to" an ERISA plan where the relief sought is enforcement of the plan.

Plaintiff argues that this case is akin to *McHaffey v. Boston Mutual Life Ins. Co.*, 31 F. Supp. 2d 1329 (M.D. Ala. 1998), where the Court held that state law claims were not preempted by ERISA. However, this case is distinguishable from *McHaffey*. In *McHaffey,* the Court noted, several times, that the "Plaintiffs do not claim benefits under the policy." *Id.* at 1335. In that case, the plaintiffs did not bring any claims under ERISA and sought relief only on the basis that premiums had been paid for a policy that did not exist. While the instant case and *McHaffey* do have similar facts, this Court will not extend the holding in *McHaffey* to cover a case in which the relief sought under state-law is exactly the same as the relief sought and available under ERISA.

Therefore, Counts III, IV and V are preempted by ERISA and must be dismissed.

*C) Count II: Breach of Fiduciary Duty.*

Finally, Defendant argues that individual claims for breach of fiduciary duty are not permitted under ERISA. However, the U.S. Supreme Court has held that an action for breach of fiduciary duty can be brought by an individual under ERISA's catch-all provision, 29 U.S.C. § 1132(a)(3). *Hamilton v. Allen-Brady Co., Inc.,* 244 F.3d 819, 826 (2001) (citing *Varity Corp. V. Howe,* 516 U.S. 489 (1996)). While Plaintiff may not be able to recover under both 29 USC §

1132(a)(1) (Count I)  and 29 USC § 1132(a)(3) (Count II), Plaintiff is permitted to plead

alternative theories of liability even if those theories are mutually exclusive or contradictory. Fed.

R. Civ. P. 8(e)(2).  Therefore, Count II will not be dismissed.

**IV. Conclusion**

  Accordingly, it is

  **ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED** in part and

**DENIED** in part.  Counts III, IV and V of Plaintiff's Complaint (Doc. 1) are **DISMISSED**.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida on February 20, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party